PAGE, Defendant in Error, *vs.* THE CITY OF ST. LOUIS, Plaintiff in Error.

1. The illegal exemption by city ordinance of the property of one tax payer from assessment for a special sewer tax, will not authorize an injunction to restrain the city from collecting the assessment against another tax payer, not exceeding the amount which the city was authorized to impose; certainly not, unless it appears that, upon payment of the assessment sought to be enjoined, the plaintiff will have paid more than would have been his proportion had it not been for the exemption.

*Error to St. Louis Circuit Court.*

The case is stated in the opinion of the court. It was argued by Mr. Gantt, for the city, and by Mr. Shepley, for the defendant in error.

*Mr. Gantt,* for the city, relied upon the following points : 1. The agreement made by the city with Lucas, under section nine of the ordinance, was legal, his lot only being exempt from taxation when its due proportion of the sewer debt had been fully paid ; and being legal when made, no subsequent change in the value of the property, by putting up improvements or otherwise, could render it illegal. 2. No inequality in the tax is produced by the exemption, because the money paid by Lucas must be taken to have been applied to the payment of a portion of the sewer debt, and it is only for the remainder of the debt that the remainder of the property is taxed. 3. The property of the defendant in error is bound to pay one half of one per cent. per annum, during the existence of the debt, towards its extinction. He has only paid the assessment for one year. Under no circumstances, could he have less than one half of one per cent. to pay for the second year, unless the whole debt is liable to be extinguished by two years' taxes, which is contrary to the whole tenor of the petition. As he shows no *present* injury by reason of the composition with Lucas, but at most, only a *possibility* of a future injury, his bill should be dismissed. 4. At most, if the contract with Lucas is illegal, Page is only entitled to be put in the same position that he would occupy, if the contract had not been made. He can only call for a reduction of his tax to what it would have been, if the lot of Lucas had been taxed also. It cannot be that the omission of one lot from assessment renders the whole assessment void, and authorizes the courts to stop the collection of any part of the tax by injunction.

*Mr. Shepley,* for defendant in error, relied upon the following points : 1. The act of March 12, 1849, contemplates

that the sewer tax shall be levied and collected *annually*, according to the varying value of the property. 2. If the city fails to levy the tax upon any particular piece of property in a sewer district for any year, then persons whose property is assessed can restrain the city from enforcing the tax against them, unless the city can show that the omission was through inadvertence, or that the property omitted was legally exempt. The right to remit taxes already assessed is not denied, because no greater amount would thereby be imposed upon other property, and the city alone would suffer inconvenience; but the power of the city to exempt any particular portion of the city from assessment, and to apportion the public burdens upon the remainder, is denied. Even however, if we admit the general power, it has no application to this case, where, by the act, a power is given to do a particular work in a particular part of the city, and to assess those who are supposed to be benefitted by it, for its cost, in the way therein provided. 3. Unless the assessment upon plaintiff's property is made in strict conformity with the act, the lien therein provided does not attach, and the city has no power to sell the property for it, and the plaintiff is entitled to have the sale enjoined. 4. The 9th section of ordinance No. 2498, under which this commutation and consequent exemption is made, is repugnant to the plain provisions of the act. So far as this suit is concerned, it is unimportant whether this section is absolutely void, or whether it is binding on the city. If it is absolutely void, then the plaintiff is entitled to relief, so long as the city continues to treat it as a valid ordinance. If it is binding on the city, as against those who have availed themselves of its privileges, then the city must continue to assess the property as if it was not exempt, and itself assume the payment of the assessments; and not having done so, the plaintiff is entitled to relief. 5. The petition clearly shows that this commutation and exemption of the lots of Lucas and others operates and must continue to operate to the injury of plaintiff. How far it was detrimental, it was not in the power of the plaintiff to state in dollars and

·cents. It is shown that property liable to the sewer tax, in amount equal to the value of the improvements put upon the lot of Lucas, was illegally exempted from the tax for the whole period that it should continue to be imposed. It is no answer, to say that possibly, by a change of circumstances, it may happen that no injury will be done. According to this idea, the plaintiff would be entitled to no relief, however illegal the exemption is, until it could be shown, at the final winding up, mathematically, what injury he had sustained, and then he would be precisely in the situation where he could obtain no relief. 6. The plaintiff is entitled to have relief, although he does not in his petition show to what extent the assessment is illegal, nor offer to pay such proportion of the amount assessed as may be legal. It is beyond his power to say what the legal assessment should be. It is for the city to make a legal assessment, and until this is done, no lien can be enforced against the plaintiff's property. 7. There is no public inconvenience or damage occasioned by compelling the city to carry out the plain provisions of the act, and it is perfectly in the power of the city yet to do so. If the 9th section of the ordinance is a nullity, all that the city has to do is, to return to those who have availed themselves of its privileges the money paid and interest, and then it can treat their property as if no such privilege had been given them. If the composition is binding on the city, then it can continue to assess the property as above suggested, and itself assume the payment.

SCOTT, Judge, delivered the opinion of the court.

In March, 1849, the general assembly of Missouri passed an act to provide a general system of sewerage in the city of St. Louis. This act, among other things, provided that the city should be laid off into districts, to be drained, and that, on the presentation of a petition of the majority of the owners of real estate within any district, the mayor and council should have power to borrow any sum of money necessary to construct

sewers in such district, and to issue the bonds of the city for the same, to be paid (principal and interest) by a tax to be levied on the real estate within such district. The tax to be laid was not to exceed one half of one per cent. per annum on the assessed value of the real estate, and was to be levied and collected annually, and to be a lien on the estate, and was not to be repealed or altered until the debt created for the district was paid.

In pursuance of this act, the city, in July, 1850, passed an ordinance providing for the creation and management of a common sewer fund. This ordinance provided for borrowing money to construct sewers, and ordained, by its 9th section, that whenever, on account of any lot within any sewer district, such amount of money as will bear the same proportion to the total amount of debt appearing on the account of said district, as the assessed value of the lot for the preceding year bears to the assessed value of the whole district, shall be paid into the city treasury, such amount shall be credited on said account, and such lot shall be exempt from further taxation on account of the debt then existing.

Afterwards, a sewer district was created, running from the river west to Sixth street, embracing one half of the squares on each side of Chesnut street. Within this district, the plaintiff, Daniel D. Page, had improved real estate, subject to the sewer tax. Within the same district, James H. Lucas had real estate subject likewise to taxation. With respect to this property Lucas availed himself of the 9th section of the ordinance above recited, and paid such a proportion of the sewer debt of the district as the assessed value of his real estate bore to the assessed value of the entire district. Afterwards, Lucas made improvements on his real estate, situated within the district, which it is alleged greatly enhanced the value thereof, probably to near double its value without the improvements. Since the commutation made as above stated, Lucas' property has ceased to be taxed on account of the sewer debt of the district. The property of the plaintiff was assessed for the year 1852, at one half

of one per cent. on its assessed value, amounting to $125 34, and it is now advertised for sale for the taxes for said year. The property of the plaintiff, for the year 1850, was assessed at one per cent., double the amount that by law it could be taxed, which he, under a mistake, paid at the time, but which he has found since to be incorrect.

On this state of facts, the plaintiff maintains that no lien has been created on his real estate within the district for the sewer tax, by reason of the 9th section of the ordinance above mentioned being in violation of the act of the general assembly authorizing the city to provide a fund for constructing sewers, and consequently void. He therefore prays an injunction to restrain the sale of his real estate, and that the excess of tax paid for the year 1850 may be refunded to him.

To this bill, there was a demurrer filed, which being overruled and no answer being filed, a judgment was rendered perpetuating the injunction.

The plaintiff withdrew so much of his petition as sought a recovery of the excess of the tax due for the year 1850.

Two of the grounds of the demurrer to the bill are, that it shows no ground for an injunction, and that, from the facts as stated by the plaintiff, it does not appear that he will sustain any injury by the action of the city authorities.

1. We are impressed with a sense of the great inconvenience that would result from establishing it as a principle, that a court would be warranted in arresting the exercise of the municipal authority of a city, on the ground of the incompatibility of one of its ordinances with its charter. Our system of jurisprudence would be deemed defective, indeed, could it not redress the grievance of a private individual without inflicting so great a public injury.

We are not prepared to say that the 9th section of the ordinance above cited is void, as being contrary to the provisions of the act of the general assembly relating to sewers in St. Louis. Its policy depends on considerations which are not disclosed by this record. It is easy to imagine a state of things

10—VOL. XX.

that would render such a provision as is contained in the section of the ordinance under consideration, highly expedient. As the sewers were to be built with borrowed money, a provision increasing the certainty of the means to meet the semi-annual interest, would have an influence on the price of the bonds in the market. Whether, upon the whole, the ordinance is not beneficial in its operation, we cannot see. It does not appear to have been repealed, so as to prevent others from availing themselves of it. Whether the entire sum paid by Lucas was as valuable as the annual payments he would have been required to pay, had he not availed himself of the 9th section of the ordinance, is not shown. There was a necessity for the present payment of a portion of the sewer debt, otherwise the ordinance would not have been passed. Whether the benefit derived thereby would exceed the difference between a tax on the property of Lucas, as improved and unimproved, we have no means of determining. A large municipal body, entrusted with the execution of a power, must be allowed some discretion in the choice of means, unless it appears that it was plainly intended to confine it to a prescribed mode. The provision that the tax should be annually levied could not have been designed to prevent the city from accepting a present sum, for the annual assessments, as they would become due. If the operation of the 9th section of the ordinance had been beneficial in all the other districts of the city, would it be void, merely because, in a single instance, it had been advantageous to an individual?

The case, as stated, does not show that the plaintiff has sustained any injury, nor does it appear that he will sustain any by the collection of the sewer tax for 1852. Lucas paid a sum of money into the city treasury as an equivalent for the yearly assessment that would have been due by him to the sewer district. If that sum be distributed among the years that have passed, including 1852, and his real estate be assessed at its improved value, it will not appear but that, of the sum paid there is enough left to satisfy his sewer tax for 1852. The

money of Lucas for the tax is in the city treasury. Now if he is as yet in advance of all other tax payers, until he actually falls behind, they have no cause to complain. But if Lucas should be in arrear, does it follow that the plaintiff would have a right to arrest the collection of the tax due by him. He is not assessed to a greater amount than the city had authority to impose. The 9th section of the ordinance may be void, and all the rest of it valid. One section of a law may be unconstitutional, while all the remaining sections will be enforced. The petition can only be sustained, on the principle that the passage of an ordinance in violation of a city charter would give to its citizens a right to arrest all its proceedings—to suspend the exercise of its franchise. This is not law. The right of a corporation *de facto* will be enforced. It is no defence to the claim of a corporation, that it has violated its charter.

The other judges concurring, the judgment will be reversed, and the petition dismissed.